W. R. REDFORD v. THE STATE.

No. 7847.     Decided May 14, 1924.

Rehearing denied June 25, 1924.

1.—Aggravated Assault—Sufficiency of the Evidence.

Where, upon trial of aggravated assault upon a girl of tender age, the evidence was sufficient to sustain the conviction, there is no reversible error.

2.—Same—Copy of Information—Waiver.

Under the Bill of Rights it is declared that an accused shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. The purpose of these provisions is to guard against

bringing one to trial in ignorance of the charges against him without opportunity to prepare his defense. No such condition existed in the instant case, but the facts show that defendant waved the right to demand a copy of the information, and there is no reversible error. Following: Rice v. State, 49 Texas Crim. Rep., 569, and other cases.

**3.—Same—Affidavit—Practice in Trial Court—Traverse—County Attorney.**

When proper affidavits are attached to a motion for a new trial in support of matters therein relied on, which would be otherwise aside from the record, or are attached to written traverse of such motion, if it does not appear from either the order of the trial court on such motion or from bill of exceptions, or statement of facts filed during the term, that evidence was heard by the court below, then this court's conclusion will be that the trial court did consider such affidavits, and where the traverse itself was an affidavit made by the county attorney, there is no reversible error.

**4.—Same—Charge of Court—Bills of Exception.**

Where the bills of exception nowhere state that objections to the charge of the court were filed in writing they cannot be considered on appeal.

**5.—Same—Complaint—Information—Practice in Trial Court.**

Where appellant complained that the court below erred in permitting the county attorney to read to the jury the complaint upon which the information was based, on the ground of hearsay, but the bill is so qualified that the objection really was to the reading of the information, there is no reversible error.

**6.—Same—Bills of Exception—Question and Answer Form.**

Where the bill of exceptions was entirely in question and answer form, the same cannot be considered on appeal, and there appearing no error in the other bills of exception, there is no reversible error.

Appeal from the County Court of Stephens. Tried below before the Honorable E. F. Ritchey.

Appeal from a conviction of aggravated assault; penalty, a fine of $1,000.00 and two years imprisonment in the penitentiary.

The opinion states the case.

*T. B. Ridgell, T. H. McGregor,* and *A. L. Love,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault with the punishment assessed at a fine of one thousand dollars and two years confinement in the county jail.

Appellant was teaching dancing in the city of Breckenridge. The assault is alleged to have been made upon one of his pupils, a small girl ten years old. The facts are so revolting in their nature and detail a crime so unnatural that we can see no good purpose in stating the evidence at length. It is amply sufficient to support the conviction.

The assault is alleged to have occurred on the 3d day of February. Complaint and information were made and filed on the 5th; on the same day the case was set down for trial on February 8th and appellant so notified. Upon calling the case for trial his attorney requested that appellant be furnished with a copy of the information and that he have two days in which to prepare for trial. The court appeared to be under the impression that in misdemeanor cases the law did not require that an accused be furnished with a copy of the charges against him and the request was denied. From the bill and the court's explanation in connection therewith it appears that on February 5th appellant was brought into open court and the complaint and information read to him by the county attorney, and his case set for February 8th; that at this time the judge asked appellant if he had employed counsel to which he replied that his wife was attending to that for him and that he understood she had seen Mr. T. B. Ridgell, an attorney, relative to defending him. When the case was called on February 8th, the judge asked appellant if he was represented by counsel and he replied that he thought his wife had employed Mr. Ridgell who at that time was in the rear of the courtroom talking with appellant's wife. Under the direction of the court appellant went to where his wife and attorney were engaged in conversation and in a few minutes returned and told the court that he did not have counsel and requested the court to appoint one for him. However, a few minutes later Mr. Ridgell appeared at the bar and informed the court that he would represent the defendant and at that time made the demand for copy of the charges. The alleged error for failure to furnish a copy of the charges was carried forward in the motion for new trial. The State, through its county attorney, filed a sworn contraversion of that ground of the motion. In his sworn answer the county attorney asserts that he notified appellant on February 3d of the proposed charges which were to be filed against him but delayed the actual filing thereof until the 5th of February in order to give appellant an opportunity if he desired, to go before the grand jury which was then in session; that on February 5th attorney Ridgell conferred with the county attorney relative to the case against appellant, but when advised as to the nature of same expressed a disinclination to represent a party charged with that sort of crime; that later upon the same day, said attorney was advised that complaint and information had been filed and that the case had been set for trial for February 8th; that said attorney at that time and at numerous times between the 5th and 8th conferred with the county attorney with regard to the case attempting to get some kind of agreement relative to the punishment in the event appellant would plead guilty, to which the State declined to agree; that attorney Ridgell told the county attorney that he had talked to appellant's wife about his

case and that appellant's wife conferred with attorney Ridgell many time before the trial with reference to it; that on the day before the trial the county attorney asked Ridgell if he was going to represent appellant and was told at that time that he thought so; that on the day the complaint and information were filed the county attorney discussed with attorney Ridgell the advisibility of making copies of the complaint and information to be furnished appellant and that attorney Ridgell at that time expressed the view that it was not necessary to do so in misdemeanor cases.

Article 554, C. C. P. reads as follows:

"In misdemeanors, it shall not be necessary before trial to furnish the defendant with a copy of the indictment or information; but he or his counsel may demand a copy, which shall be given at as early a day as possible."

In its language the foregoing provision is quite similar to the one immediately preceding it relating to the right of a defendant on bail in felony cases to demand a copy of the charges against him, and both are intended to make effective section ten of the Bill of Rights wherein it is declared that an accused "shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." The purpose of these provisions is to guard against bringing one to trial in ignorance of the charges against him without opportunity to prepare his defense. No such condition existed in the present instance. Both appellant and his counsel were apprised of the charges. While jealous in demanding compliance with the Constitution and Statutes in the respect mentioned this court has recognized that the right to demand a copy of the charges might be waived. Rice v. State, 49 Texas Crim. Rep., 569, 94 S. W. 1024; Keener v. State, 51 Texas Crim. Rep., 590, 103 S. W. 904; Fletcher v. State, 37 Texas Crim. Rep., 193, 39 S. W. 116; Butler v. State, 38 S. W. 787; Wray v. State, 89 Texas Crim. Rep., 632, 232 S. W. 808; McDuff v. State, 4 Texas Crim. App., 61. In Keener's case (supra) is found this language:

"Let it be conceded that the statute is mandatory in terms, still it must receive a reasonable construction so as to protect appellant's rights, while at the same time not obstructing or delaying trials."

The record leaves no doubt that from the time charges were filed against appellant Mr. Ridgell was acting in his behalf; while hesitating to represent him in the trial this appears to have been because of the nature of the case, but the attorney was in consultation with appellant's wife relative to his case and repeatedly made efforts to secure some agreement with the county attorney in appellant's interest, and during this time expressed the opinion that no necessity existed to furnish appellant with a copy of the information. We believe the facts presented are such that we do no violence to the law in reaching the conclusion that a copy was waived. The nature of

the charges were well known, and we presume appellant was ready for trial as no continuance was requested.

The point is made that no reference in the bill being made to the sworn statement of the county attorney relative to his conferences with Mr. Ridgell it should be regarded simply as an ex parte affidavit and ignored by us in passing upon the question of waiver. To this we do not agree. When appellant urged as a ground for new trial the alleged error in not furnishing him with a copy of the information the State controverted that ground of the motion by the sworn answer of the county attorney setting up facts constituting the waiver, which facts were within the county attorney's own knowledge. The controverting answer was on file at the time the motion was acted on. In considering it we are in accord with the holdings in Cade v. State, 96 Texas Crim. Rep., 523, 258 S. W., 484; Harcrow v. State (No. 8069, opinion April 9, 1924). From the latter case we copy this statement:

"When proper affidavits are attached to motions for new trial, in support of matters therein relied on which would be otherwise aside from the record, or are attached to written traverse of such motions, if it does not appear from either the order of the trial court on such motion, or from bill of exceptions, or statement of facts filed during the term, that *evidence was heard* by the court below, then our conclusion will be that the trial court did consider such affidavits."

No affidavit was attached to the traverse of the motion in the present case, but the traverse itself was an affidavit made by one cognizant of the facts. The order of the court overruling the motion does not recite that *evidence was heard thereon,* hence we are directly in line in concluding that the controverting answer was considered by the court.

The objections to the charge of the court can not be considered. Bills of exception one and three, bringing the matter forward, nowhere state that exceptions to the charge were filed in *writing.* It is necessary that this be shown before objections thereto can be considered. Article 735, C. C. P.

Bill of exception number two complained that the court erred in permitting the county attorney to read to the jury the complaint upon which the information was based, the objection being upon the ground that the affidavit was the hearsay statement of the affiant who signed the same. We do not discuss the matter because the qualification to the bill makes it unnecessary. It is certified by the judge that the complaint was first read and that the objection came to the reading of the information, so it would appear that no objection was lodged to the reading of the complaint.

There are a number of bills of exception in the record other than those heretofore mentioned, all of which we have carefully examined. One of them is entirely in question and answer form and for this

reason can not be considered. Many authorities upon this point will be found collated in Reese v. State, 94 Texas Crim. Rep., 220, 249 S. W., 857.

The other bills either within themselves present no error, or such as might appear therefrom become non-available in view of the explanation attached by the learned trial judge.

Finding no error in the record which would demand a reversal of the judgment, an affirmance is ordered.

*Affirmed.*

[Rehearing denied June 25, 1924. Reporter.]