RAYMOND FAULKNER V. THE STATE.

No. 9691.   Delivered April 7, 1926.

Rehearing denied May 26, 1926.

1.—Robbery With Firearms—Evidence—Held Admissible.

Where, on a trial for robbery, there was no error in permitting the prosecuting witness to testify that on the day preceding the robbery, which resulted in the loss of $85.00 by him, that he had in his purse about $85.00, and to his making a statement in the presence of appellant and his brother Grady Faulkner, that there was a party who owed him about $400.00 and he was going to see him the next day about it. The pertinency of this testimony is obvious.

2.—Same—Continued.

Nor was it error to permit said prosecuting witness to testify that at the time of the robbery the handkerchief covering appellant's face dropped down below his nose, and he saw the scars on his face and on his chin, where a bullet hit him in that fight with Tom Hobbs. While that part of the testimony of the fight of appellant with Hobbs was not admissible, appellant's objection being directed to the whole of the testimony, a part of which was clearly admissible, we cannot sustain his objection to all of it, nor segregate for him that part which was admissible. See Branch's Ann. P. C., Sec. 211.

3.—Same—Continued.

Nor was there any error in permitting the witness J. A. Cox to testify as to statements made to him by appellant the day after the robbery as to the whereabouts of appellant at the time of the robbery.

4.—Same—Continued.

Nor was there any error in permitting numerous witnesses for the state to disprove the statement of appellant made to the witness Cox as to his whereabouts on the night of the robbery, and contradictory of appellant's testimony given by him on the trial. Having been properly admitted there was no error in the court's refusal to strike out this testimony on motion of the appellant, as is set out in his bills of exception 7, 8 and 9.

5.—Same—Evidence—Sustaining Witness—Properly Admitted.

Where appellant introduced witnesses who testified that after the

alleged robbery the prosecuting witness told them that he did not know who it was that robbed him, it was then proper to permit the state to prove by the sheriff and two constables that on the night of the robbery and shortly after it occurred the witness told them that appellant was the man who robbed him.

ON REHEARING.

6.—Same—Evidence—Properly Admitted.

On rehearing appellant urges that we were in error in our original opinion in holding the testimony of statements made by appellant to Cox, and the testimony of other witnesses refuting appellant's statement to Cox was in error. With this we cannot agree, although we were in error in stating that appellant testified in his own behalf. Where the accused attempts to fabricate a defense, as was disclosed in the testimony of Cox and Parker, testimony of such efforts are always admissible, and their falsity is permitted to be shown. No error in our original opinion being manifest, the motion for rehearing is overruled.

Appeal from the District Court of Robertson County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction of robbery with firearms, penalty five years in the penitentiary.

The opinion states the case.

*Joe Reid* of Hearne, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of the offense of robbery with firearms, and his punishment assessed at five years in the penitentiary.

The record discloses that on the night of December 16, 1924, the prosecuting witness, Riley James, while being taken in an automobile driven by Grady Faulkner, the brother of the appellant, to the town of Bremond, where he intended to board a train, was held up on the way by a couple of parties, with drawn pistols. One of the parties, after striking said James a time or two with some instrument, shoved a pistol in his side and marched him some distance from the car and took from his person about $85.00 in money. The other party had Grady Faulkner covered with a pistol, and he, Faulkner, contended that he was also robbed of his money, which amounted to approximately $240. After the said James and Grady Faulkner were released, they proceeded to the town of Bremond and reported the robbery to the constable, and a short time thereafter the sheriff and other parties arrived upon the scene and began an investigation and a search for the alleged robbers.

It was the contention of the state, and evidence was intro-

duced in support thereof, that the appellant, Raymond Faulkner, was the party who held up the said James and took his money from him, and that Grady Faulkner conspired with the robbers to hold the prosecuting witness up and rob him. While the appellant failed to testify in his own behalf, it was his contention that he knew nothing of the robbery and had no connection therewith.

The appellant complains of the refusal of the court to quash the indictment. There is no merit in this contention.

The transcript contains bills of exception Nos. 2 to 15, inclusive. Bill No. 2 complains of the action of the court in permitting the prosecuting witness, Riley James, to testify to the amount of money that he had in his purse the day preceding the robbery, which amounted to about $85.00, and to his making a statement at said time, in the presence of the appellant and his brother, Grady Faulkner, that there was a party who owed him about $400 and that he was going out to see him the next day about it. Appellant contends that this testimony was inadmissible on account of being too remote, and that it could serve no purpose except to bolster up the testimony of the said James. We think this contention is untenable, and that the testimony was admissible for the purpose of showing that the appellant had reason to believe and know that the said James had money in his possession, and was collecting money, and also that the testimony was admissible as tending to show motive.

Bill No. 3 complains of the action of the court in permitting the state to show by the witness James, and have him testify, as follows:

"Yes, the defendant has a scar on his face. The defendant has a scar on his left cheek where a bullet hit him in that fight with Tom Hobbs. After that handkerchief dropped below his nose there that night as he stood in the light I could see the scar on his face and the one there on his chin, too. At the time Raymond Faulkner was tried for shooting Tom Hobbs, or shooting at him, he did not contend I had anything to do with it."

Appellant objected to all of this testimony for the reason that the same was evidence of another felony, was calculated to prejudice the jury against him to such an extent that he could not get a fair trial, was hearsay, and it was not shown that the witness was present or saw the shooting about which he testified. The record discloses that this testimony was introduced by the state for the purpose of having the witness James identify appellant as the man who robbed him. The bill, as

presented, shows no error. There can be no question but that the testimony as to appellant having a scar on his face and cheek, and when the handkerchief dropped below his nose while he was standing in the light said witness could see the scar on his face and the one on his chin, was clearly admissible. The objection went to this, as well as to the other testimony, and it was not error for the court to overrule said objection, as appellant did not specify any particular portion of the testimony that was objectionable to him. It is stated in Branch's Ann. P. C., Sec. 211: "A bill of exceptions is too general to be considered if it includes a number of statements, some of which are clearly admissible, and there is nothing in the objection to directly challenge or single out the supposed objectionable evidence." In support of this statement there are many authorities cited thereunder, which rule this court has uniformly adhered to and followed.

Bill No. 4 complains of the action of the court in permitting the witness J. A. Cox to testify that the appellant, after the date of the robbery, made a statement to him in which he stated that on the date of the alleged robbery he was in the town of Franklin, and after going to his grandmother's, he took the road back to Camp Creek, the neighborhood in which he and the witness resided. This bill discloses that the time in question was about eight or ten hours prior to the alleged robbery. At the time of this conversation and statement, the appellant had a witness with him to make a statement before said Cox to the effect that on the night of the robbery he, appellant, was at home and in the presence of said witness during the time when the robbery was alleged to have taken place. This bill presents no error.

Appellant in bills 4a, 4b, 4c and 4d complains of the action of the court in permitting the state's witnesses Rucker, Scott, Griffin and T. A. Cox to testify, in effect, that they saw appellant in the town of Franklin about the time he claims to have taken the road back to the Camp Creek neighborhood, as stated by him to said J. A. Cox, and that they saw him take the train at Franklin, going in the direction of Hearne, Texas. It is the contention of the appellant that this evidence was inadmissible against him, though offered by the state for the purpose of impeachment and for the purpose of impeaching a statement made by him to the said J. A. Cox as to his going back to Camp Creek, in the direction of his home. We are of the opinion that the contention of appellant in this respect is untenable, and that the state had the right to introduce this testimony for the pur-

pose of impeaching the statement made by him to the said J. A. Cox.

What we have said relative to these bills will also apply to bills of exception 7, 8 and 9, wherein the appellant moved the court to strike out the testimony of said witnesses.

Bills 5, 5a and 5b complain of the action of the court in permitting the sheriff, Thompson, and the constables, Favlin and Henderson, to testify that on the night of the robbery and a short time thereafter the prosecuting witness James told them that it was the appellant who held him up and robbed him. The objection urged to this testimony is that it was hearsay and introduced by the state for the purpose of bolstering up the evidence of the state's witness James.  The record discloses that the appellant, prior to the admission of this testimony, had introduced the witnesses Easterly, Bush and Carthorn, who testified that after the alleged robbery the said witness James told them he did not know who it was that robbed him.  The court in his qualification to these bills states that this evidence was admitted for the purpose of rebutting the testimony of appellant's witnesses.  This evidence was clearly admissible for the purpose for which it was admitted, in sustaining the testimony given on the trial by the said James.  Branch's Ann. P. C., Sec. 181; Marable v. State, 219 S. W. 455, 87 Tex. Crim. Rep. 28; Taylor v. State, 221 S. W. 611, 87 Tex. Crim. Rep. 330; Nations v. State, 237 S. W. 570, 91 Tex. Crim. Rep. 112.

What we have said relative to these bills applies to bills 11, 12 and 13, wherein appellant complains of the refusal of the court to withdraw the testimony of said state's witnesses from the consideration of the jury.

Bill No. 14 is a bill relating to defendant's objections and exceptions to the court's charge.  The record fails to show any objections presented by appellant and signed by the court, and this bill, as presented, shows no error.

After a careful examintaion of the entire record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is urged that we were in error in the disposition made of bills of exception Nos. 4, 4a, 4b, 4c and 4d. Before discussing the point it is well to get the setting of the case. Appellant, his brother, Grady Faulkner, and Riley James were living in the Camp Creek community in Robertson county. James was making his arrangements to leave the community and was expecting to take a train out of Bremond on Tuesday night, December 16. He had arranged with Grady Faulkner to take him to Franklin where he had some business matters to adjust on Tuesday, and then to take him from Franklin to Bremond that night. On the way to Bremond they were held up and robbed. It was the state's contention that the robbery was a "fake" as to Grady Faulkner; that appellant and an unidentified party knew of the proposed trip and with the connivance of Grady perpetrated the robbery of James. The evidence is undisputed that the three parties, appellant, Grady and James were in Franklin on the Tuesday in question. J. A. Cox testified that appellant related to him on December 23 his movements in Franklin on Tuesday, December 16, and claimed to have left Franklin on the public road leading to Camp Creek about 10 o'clock a. m. This is the matter complained of in bill 4. In the other bills complaint is made because witnesses were permitted to testify that they saw appellant in Franklin after 11 o'clock and saw him get on a train which went toward Hearne. This was some eight or ten hours before the robbery. Appellant contends that the evidence related to remote acts which were immaterial and of no probative force and at most could only serve to prejudice the jury by showing he had made an untrue statement to Cox. In our original opinion we referred to this evidence as having been offered by the state for the purpose of impeaching the statement made by appellant to Cox, being led thereto by the contentions in appellant's brief. Appellant did not testify upon the trial of the case and nowhere in the record do we find the evidence either of Cox or of the other witnesses referred to as having been admitted for the purpose of impeachment. The court did instruct the jury that the state having introduced through Cox the statement made by appellant would be bound thereby unless it had shown the falsity thereof. As we understand the record, the question of impeachment does not enter into the matter at all. It is always admissible to prove as a circumstance of guilt that an accused has fabricated

or attempted to fabricate testimony.  At the time appellant appeared before Cox (justice of the peace) and made the voluntary statement testified to by the latter, appellant had with him one Robert Parker, who also made a statement.  It further developed that appellant knew at this time that he was suspicioned of the robbery.  He had told Parker that he (appellant) had to show where he was and wanted Parker to testify for him. Appellant wanted Parker to testify that the latter came to appellant's house on Tuesday night of the robbery and found appellant eating supper; that Parker remained there and played pitch with him and other members of the family until about 10 o'clock.  He did induce Parker to make a statement to this effect before the justice of the peace at the same time appellant made his statement claiming to have left Franklin on his way towards home about 10 o'clock on the Tuesday in question. Parker was used as a witness by the state.  He admitted that he had at one time made a statement before a grand jury which was in line with the story appellant had induced him to tell to the justice of the peace, but said it was false, that he was not at appellant's house on the Tuesday night in question at all. It is apparent appellant was seeking to fabricate the defense of an alibi which was to culminate in the testimony of Parker placing him at home at the time of the robbery, preceding it with the statement that he left Franklin going towards home on the Tuesday in question.  Under the circumstances it does not appear to be debatable that the state had the right to make the proof offered through the witness Cox and to follow it by showing that the statement then made was untrue.  The state had a right to show by Parker that appellant had made an effort to induce him to testify upon the trial to facts which were not true, and also to prove that appellant in fact did not leave Franklin at the time and in the manner claimed by him.

The motion for rehearing is overruled.

*Overruled.*