T. E. KELLY v. THE STATE.

No. 12445.　Delivered April 17, 1929.
Rehearing denied May 29, 1929.

The opinion states the case.

*R. M. Smith* of Quitman and *E. A. Thorp* of Mineola, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with fire-arms; the punishment confinement in the penitentiary for 49 years.

A. M. Connally, an accomplice, testified for the state. He stated that appellant, Bill Johnson, a man called "Shorty" and himself entered the home of Miss M. J. Shearer, near Winnsboro, on the 21st of April, 1928, and by the use of force, appellant displaying a pistol at the time, took some money from the possession of one of the occupants of the house. It appears from the testimony of this witness that he and his companions had met in Polk County, which was about 160 miles from the scene of the robbery, and had traveled in a car belonging to Johnson to the Shearer home. The witness testified that they passed through the city of Lufkin, where a policeman called their attention to the fact that they were violating a parking ordinance and required them to move on. This policeman testified on the trial of the case that he saw the parties in Lufkin and identified appellant as being an occupant of the car. During the perpetration of the offense Connally was shot and wounded by one of the offenders. He testified that appellant shot him. State's witness Mrs. Cliff Pennington, who was in the house at the time the offense was committed, identified appellant as one of the offenders. After describing the man who exhibited the pistol on the occasion of the robbery, A. J. Shearer, state's witness, stated that appellant looked "just like the man." The description given by all of the witnesses of the man who used the pistol suited appellant. After his arrest appellant escaped from the jail. Search being made he was apprehended. We think the evidence is sufficient to support the conviction.

Appellant filed his first application for a continuance wherein he alleged that he was not ready for trial on account of the absence of certain named witnesses who would testify if present that he was at another and different place when the offense was committed. The affidavits of the witnesses were attached to the motion for new trial. It was stated in said affidavits that on the date that appellant was alleged to have committed the offense he was on a fishing trip with the witnesses. The indictment was returned upon the 9th day of June, 1928. Appellant was arrested shortly there-

after during the same term of court at which the indictment was returned. He was placed in jail and kept in custody until the 17th of October, 1928, at which time he escaped. After being at large three days he was apprehended and again placed in jail. Prior to his escape, to-wit, on the 13th of October, 1928, while appellant was present in court his trial was set for October 24th, 1928. Appellant at no time filed application for process. On October 20th, 1928, four days before the case was called for trial appellant delivered to the clerk a list of witnesses he desired to have subpoenas issued for. Process was issued on the same date and mailed to the sheriff of Hardin County where the witnesses were alleged to reside. It is averred in the application that said process was returned by the sheriff of Hardin County not served. It is not shown when such process was returned. When appellant's case was set for trial he was asked by the court if he desired to have an attorney appointed to represent him. He stated in substance that he was expecting his people to employ an attorney and that he would let the court know in a day or two whether they had succeeded in securing the services of a lawyer. The court appointed an attorney to represent appellant on October 22nd, 1928. There seems to have been an utter lack of diligence on the part of appellant in securing the attendance of the witnesses. Although appellant had been arrested shortly after the return of the indictment he took no steps to have process issued until four days before his trial. After having escaped from jail, he spent three days in hiding. In the state of the record, we are constrained to hold that the learned trial judge was warranted in overruling the application and denying the motion for new trial based on the refusal to continue the case.

The remaining bills of exceptions are in question and answer form. No certificate of the judge showing the necessity of such form appears. Where a bill of exception appears in question and answer form, in order to receive consideration, the certificate of the trial judge must show the necessity for such form. Polk v. State, 5 S. W. (2d) 149.

In sentencing appellant the provisions of the indeterminate sentence law were not applied. The sentence is reformed in order that it may show that appellant is condemned to confinement in the penitentiary for a term of not less than five nor more than forty-nine years.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Adverting to the case of Sitterlee v. State, 13 Tex. Crim. App. 587, appellant contends that error was committed in instructing the jury upon the law of accomplice testimony. It was the holding in the Sitterlee case that the omission to give a charge on accomplice testimony was error justifying a reversal though the matter was not made the subject of complaint in the trial court. If such were the law at the present time it could not be applied to the instant case for the reason that a charge upon the subject was given. The complaint is that the charge was not an accurate statement of the law. The law which controls Sitterlee's case, supra, has long since been repealed and substituted by a statutory demand that to warrant a review on appeal because of an error in the charge of the court the error must be brought to the attention of the trial judge before the charge is read to the jury. C. C. P., 1925, Arts. 658, 659 and 660. See also Bargas v. State, 86 Tex. Crim. Rep. 217; Vernon's Ann. Tex. Crim. Stat., 1916, Vol. 2, p. 526, note 64. No objection to the charge was made on the trial.

The evidence is deemed sufficient. A recital of the facts further than that given in the original opinion is not deemed necessary.

The motion for rehearing is overruled.

*Overruled.*