PORTER LAWSON v. THE STATE.

No. 12979. Delivered January 29, 1930.
Reported in 24 S. W. (2d) 412.

The opinion states the case.

*C. S. Wortman* of Pampa and *L. G. Hurley* of Borger, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

The evidence is sufficient to show that appellant and others were in possession of approximately ten gallons of whiskey. Appellant offered no testimony.

There appears to have been no written objections to the court's charge. In bill of exception No. 2 it is stated that appellant objected to the failure of the court to submit a charge covering the law of circumstantial evidence. It is not stated in the bill that the objection was made in writing. Art. 658, C. C. P. provides that the accused or his counsel shall have a reasonable time to examine the court's charge, and that objections thereto shall be presented in writing, distinctly specifying each ground of objection. It was incumbent upon appellant to comply with the requirement of the statute. Faulkner v. State, 283 S. W. 824; Redford v. State, 262 S. W. 766.

It appears from bill of exception No. 3 that the state was permitted to introduce in evidence a quantity of whiskey. Appellant objected to the evidence on several grounds, but failed to verify the truth of his objections. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code of Texas, Section 209, page 134; Buchanan v. State, 298 S. W. 569. The bill not being sufficient to enable us to determine whether the trial court committed error in admitting the testimony, we must indulge the legal presumption that the ruling of the court was correct.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.