MACK HOUSTON v. THE STATE.

No. 13170. Delivered March 16, 1930.
Rehearing denied April 16, 1930.
Reported in 26 S. W. (2d) 1066.

The opinion states the case.

*C. E. Smith* of Houston, for appellant.

*O'Brien Stevens,* Cr. Dist. Atty, and *E. T. Branch,* Asst. Cr. Dist. Atty, both of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment confinement in the penitentiary for seven years.

Noel D. Weaver, the injured party, testified that appellant and another man held him up at the point of a pistol and robbed him of sixty-six dollars. He said the offense was committed about four o'clock in the afternoon when he was returning to the Phoenix Dairy after having made his afternoon delivery of milk. According to his version, appellant and his companion were not masked, and appellant was within two or three feet of him when his money was taken. The witness positively identified appellant.

Appellant did not testify in his own behalf. He placed a witness on the stand who testified that appellant was in Seminole, Oklahoma, during the months of July and August, 1927. He said that he saw appellant practically every day during said months. He declined to say whether he saw appellant on the day the offense was alleged to have been committed. On cross-examination, he testified that he was not positive as to whether appellant came to Houston in August or not.

Appellant was arrested on the nineteenth of October, 1927, and was indicted on November 3, 1927. He remained in jail continuously from the date of his arrest until the present trial was had. The instant case was numbered 30,325 on the docket of the trial court. Indictments were returned against appellant in two other cases involving transactions separate and distinct from the transaction charged in the indictment in the instant case, the numbers of said cases in the trial court being 30,324 and 30,326. It appears that in the cases last mentioned appellant was charged with the offense of robbery. On May 20, 1929, appellant made application to the clerk of the district court for process for several witnesses, some of whom resided in Beaumont, Texas, and others in Shelby County, Texas. Although cases numbers 30,324 and 30,326 were pending on the docket at the time the application was made, and were set for trial for the same date the instant case was set, appellant failed to place any number on the application. The clerk numbered the application 30,324. The process was issued May 24, 1929,

commanding the sheriffs of Jefferson and Shelby Counties to summon the witnesses to appear on June 17, 1929, in cause No. 30,324. The process was returned on June 14, 1929, showing that it was not executed for the reason that the witnesses were gone from the counties to which it had been issued. No alias process was issued. No process of any kind was ever issued in the instant case. When the case was called for trial appellant filed his first application for a continuance, alleging that he was not ready for trial on account of the absence of the witnesses named in the application filed in cause 30,324. It was averred that said witnesses would testify, if present, that appellant was in Seminole, Oklahoma on August 22, 1927, the date the offense was alleged to have been committed. The application was overruled and appellant predicated his motion for new trial, in part, upon the action of the court in overruling the application.

Appended to the motion were the affidavits of the witnesses to the effect that they occupied an apartment house with appellant in Seminole, Oklahoma, on the date of the alleged offense, and that appellant was present in Seminole on said day. These affidavits were made before a notary public in Jefferson County on June 24, 1929, which was approximately seven days after a verdict was returned finding appellant guilty. Whether the absent witnesses were not in Jefferson County when the process was attempted to be served upon them is not shown in the affidavits. It is not made to appear that the witnesses had been absent, nor are we apprised by the affidavits of the date upon which they returned, if they had in fact been absent. Beaumont is within easy access of Houston, being about eighty-two miles distant. A highway connects the two cities. Appellant made no effort to procure the attendance of the witnesses after the trial commenced. He contented himself with the showing that the process which had been issued in another case against him had been returned several days before the trial, not served. No excuse for a delay of more than a year in issuing the process was shown.

There was an utter lack of diligence on the part of appellant in securing the attendance of the witnesses. The burden is upon the accused to establish the exercise of diligence in support of his application for a continuance. Branch's Annotated Penal Code, Section 314; Kelly v. State, 17 S. W. (2d) 460. The testimony of appellant's attorney to the effect that he intended for the clerk to issue the process in the instant case is not sufficient, in our opinion, to estab-

lish the exercise of due and proper diligence. In the state of the record, we are constrained to hold that the learned trial judge was warranted in overruling the application and denying the motion for new trial based on the refusal to continue the case. Kelly v. State, supra.

Bill of exception No. 2 is in question and answer form. No certificate of the trial judge showing the necessity for such form appears. Where a bill of exception appears in question and answer form, in order to receive consideration, the certificate of the trial judge must show the necessity for such form. Kelly v. State, supra; Polk v. State, 109 Tex. Cr. R. 421, 5 S. W. (2d) 149.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

MORROW, Presiding Judge.—After indictment on November 3, 1927, at which time the accused was under arrest, he was tried on the 17th day of June, 1929. No process was ever issued for the appearance of the witnesses in the case now under consideration. The process issued in any other cases pending against the accused growing out of different transactions is not available to establish diligence to secure the witnesses on account of whose absence the motion for a continuance was based. Vernon's Tex. Crim. Stat., 1916, Vol. 2, p. 310; Isham v. State, 49 S. W. 594; Wimberley v. State, 95 Tex. Cr. R. 102; Vanderberg v. State, 66 Tex. Cr. R. 583.

In stating that there is no authorization by the court for the consideration of bill of exception No. 2 in question and answer form, we were mistaken. It is difficult to comprehend the bill as prepared. It seems that while the witness Rainey was on the stand for the State, he testified that as an officer he arrested the appellant for robbery and that the appellant at the time had a pistol. Objection seems to have been made and sustained. In the bill the court states:

"The State and defendant being unable to agree on just what transpired in reference to this bill, it is certified to by the court that it may pass to the higher court in question and answer form."

In examining the testimony of the witness in the agreed statement of facts, the following appears:

"I (Rainey) am the officer that arrested Mack Houston for this robbery of Weaver. I arrested him out in the second ward at 96 Spruce Street. He had a pistol. * * * At the time I arrested defendant I did not arrest him for anything in particular."

. Counsel for the appellant said:

"I want to renew the objection and ask the court to withdraw that from the jury."

Counsel for the State said that he had no objection, and the court said:

"All right, if it is agreeable all around, gentlemen of the jury, you will not consider the testimony of Mr. Rainey in any particular for any purpose whatever."

State's counsel said that the declaration of the witness that the appellant had a pistol was before the objection was made. To this counsel for the appellant demurred. State's counsel then said:

"The witness answered 'yes'. He moved that it be stricken out and it is agreed that it be stricken out, and the State rests."

In the procedure nothing is perceived that would warrant a reversal of the judgment. Even if the testimony mentioned remained with the jury, error is not perceived. The recitals in the bill do not negative the competency and relevancy of the testimony.

The motion for rehearing is overruled.

*Overruled.*