## Francisco Garza et al. v. The State.

No. 15410.   Delivered November 23, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 1042.

The opinion states the case.

*E. T. Yates,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, conspiracy to commit the crime of murder; appellants' punishment fixed at ten years each in the penitentiary.

The record is before us without a statement of facts. Appellants filed a motion in arrest of judgment, and among the grounds set up in arrest of said judgment and by bill of exception No. 3 was that the indictment filed in this case and on which defendants were tried states no offense against the laws of this state. We perceive no merit in the motion. The indictment charged, omitting the formal parts, that "Francisco Garza, Jesus Gomez, and Dolores Maroquin on or about the 17th day of December, A. D. 1931, and anterior to the presentment of this indictment, in the County of Cameron, State of Texas, did then and there unlawfully conspire, combine, confederate and enter into a positive agreement with each other, voluntarily and with malice aforethought, to kill and murder Paula Cavazos Garza." The allegations in the indictment are substantially in conformity with the statutes defining the offense of conspiracy to commit a felony. See Wilson's Crim. Forms, sec. 703; also Branch's Ann. P. C., secs. 2677 and 2678.

Appellants in their motion in arrest of judgment and by bills of exceptions Nos. 1 and 2 contend that article 1626 of the Penal Code is unconstitutional under sections 3 and 13, article 1 of the Constitution of this state. We have examined said motion and bills and find no merit in said contention.

Bill of exception No. 4 complains of the refusal of the trial court to instruct the jury to find the appellants not guilty because of the insufficiency of the evidence. We cannot pass upon the sufficiency of the evidence in the absence of a statement of facts.

Bills of exception Nos. 5, 6, 7, 8 and 9 complain of certain sections of the court's charge to the jury. There were no special instructions requested, and the objections to said charge now being urged by said bills were not raised at the time of the trial by written objection to the court's charge, as required by article 658, C. C. P., 1925, but were for the first time complained of on the motion for new trial. This was too late. See Lawson v. State, 114 Texas Crim. Rep., 65, 24 S. W. (2d) 412; Marshburn v. State, 115 Texas Crim. Rep., 523, 28 S. W. (2d) 135; Faulkner v. State, 104 Texas Crim. Rep., 378, 283 S. W., 824; Redford v. State, 98 Texas Crim. Rep., 42, 262 S. W., 766.

Bill of exception No. 10 complains of the state being allowed to ask the defendant Dolores Maroquin certain questions on her cross-examination after she had testified on direct examination in her own behalf. Bill of exception No. 11 complains of certain questions asked the defendant Jesus Gomez by the state after the defendant Jesus Gomez testified on direct examination in his own behalf. Bill of exception No. 12 complains of the state being allowed to ask the witness Paula Garza certain questions on the grounds that said questions were leading.

All of the last three bills of exception are in question and answer form and contain the remarks of the court and attorneys and are not accompanied by certificates of the trial judge showing the necessity therefor in order to elucidate the facts of questions involved, and therefore cannot be considered. Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Kelly v. State, 112 Texas Crim. Rep., 514, 17 S. W. (2d) 460; Lindley v. State, 112 Texas Crim. Rep., 468, 17 S. W. (2d) 47.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Since the original opinion herein was handed down, exceptions properly taken to the court's charge, which were misplaced without apparent fault of the defense, have been discovered in the files of another case in his office, by the clerk of the trial court, who certifies to such fact as well as that such exceptions were duly taken and approved. These exceptions are now before us and are considered along with other matters complained of in appellant's motion for rehearing.

As we understand said exceptions, the first, second and fifth complaint is that the court below failed to tell the jury in the charge that by the expression in the law of conspiracy, as follows: "Enter into an agreement," and also that by the use of the same expression in the charge, was meant,—that the agreement must be between the defendants themselves. The language of article 1622, P. C., defining the offense of conspiracy, merely says that a conspiracy is an agreement entered into between two or more persons to commit a felony. We think, in the absence of any statement of facts in this case showing the opposite, that to follow the language of

the statute both in the indictment and the charge in a case like this one, would be sufficient. Nothing in the record suggests that the conspiracy, if any, entered into *between* the parties accused was not between themselves,—but was in fact between others. The use of the word "between" appears to sufficiently indicate that the conspiracy charged to have been entered into, was between themselves.

We can not appraise complaints of the charge for failure to tell the jury that the threats by parties could not make out this case. We would have to have before us a statement of the facts.

If facts brought up here showed only an agreement entered into between two of the defendants, to which the others were not privy or participants, and the trial court had charged as he did in this case in which three people were on trial, that if the jury believed beyond a reasonable doubt that the defendants, or any two of them, entered into a positive agreement to kill G, the jury should find all the parties guilty, this court would reverse the case; but where no facts are before us to which we might look to see whether the agreement referred to by the court in the charge, and known to the jury from the testimony to have been entered into, was between all of the parties defendant, we must conclude that the rights of the appellant were not prejudiced by the charge given. There is no complaint either by exception to the charge, or objection to testimony, or in the motion for new trial, that as to any one of the parties there was lack of proof of his participation in the agreement referred to. We are forbidden by statute to reverse cases for errors in the charge unless there appears some possibility of injury.

The motion for rehearing will be overruled.

*Overruled.*