## MORRIS WARRICK V. THE STATE.

No. 15143. Delivered January 25, 1933.
Rehearing Denied February 22, 1933.
Reported in 56 S. W. (2d) 1078.

64

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of turkeys; punishment, six months in the penitentiary.

Appellant has a number of bills of exception. The first insists that the court erred in letting Mr. Lightner, the owner of the alleged stolen turkeys, testify that in the coop where he found his turkeys after they were taken, were other turkeys and some chickens. Mr. Lightner's testimony as to the finding of the other turkeys and chickens in the coop with his would hardly be capable of the inference attributed thereto by appellant in his objection, namely, that the jury would be led to believe thereby that this appellant had stolen the other turkeys and chickens. The record shows that appellant and some other negroes brought to a produce house in Abilene where Mr. Wade worked a number of turkeys and chickens, quite early on the morning of April 24th, 1931. That because of some suspicious circumstances the employees of the produce house who were present deferred paying for the poultry, claiming ·that the parties entitled to give checks had not yet come down; that while waiting for them to come appellant and one of the other negroes left; that presently officer Sumrall came and took charge of the negroes who had not gone away, and also the poultry. Complaint is made in bill of exception No. 2 that Mr. Wade was permitted to testify that the parties who brought the turkeys and chickens to the produce house were not paid for same. We fail to see how this could operate to appellant's hurt wrongfully. Manifestly if the turkeys were stolen and the parties were apprehended in possession of them, no harm could come from proof that they tried to sell them and the parties did not pay for them.

We see nothing worthy of discussion in the fact that while

appellant and his companions were waiting at the produce house some person in the employ of the produce company talked over the telephone. There is nothing in the record showing what was said in said telephone conversation. Nor do we observe need for discussing the complaint in bill of exception No. 4, which presents objection to proof that when seen by the officer in Abilene on the 24th of April there were two colored men with appellant, and that on the road from Abilene to Coleman two other colored men were picked up; nor in permitting the officer to testify that some one of the colored men already in his car stated at the time that the two men whom they picked up had been with them in Abilene.

After appellant had testified that he and his companions had bought nine turkeys and fourteen chickens on the highway between Coleman and Abilene for eight dollars, we see no error in allowing the State to prove the reasonable market value in Abilene of turkeys and chickens such as were those in question. This is complained of in bill of exception No. 5.

Appellant complains at length in bill of exception No. 7, but unfortunately said bill is in question and answer form, with no certificate of the trial judge that there exists necessity therefor. We cannot consider such bill.

We see nothing in the question asked or the statement made by the state's attorney, complaint of which appears in bill of exception No. 8, hurtful to appellant or calling for extended discussion.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*