# JUNE 12, 1935

EUGENE ALLEN V. THE STATE.

No. 17619. Delivered June 12, 1935.

The opinion states the case.

*B. G. Hackney,* of Brownfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted

of the offense of rape, and his punishment was assessed at confinement in the state penitentiary for a term of 5 years.

The testimony adduced by the State shows that on Sunday night, May 13, 1934, Lewis Pratt, Lula Allen, the appellant, and prosecutrix went to the home of Jim Bowers in a car. Lewis Pratt and Lula Allen occupied the front seat while the appellant and prosecutrix occupied the rear seat. On their return trip from the home of Jim Bowers they had a flat tire and while the boys were repairing the tire the prosecutrix, who had been informed by the appellant that he had a half-pint of whisky under the cushion of the seat of the car, procured the the pint bottle of whisky and she and her companion partook generously of the same. After the tire was repaired, Pratt and Miss Allen got out of the car and went out of sight, during which time the appellant had an act of intercourse in the car with the prosecutrix, who was then but 14½ years of age and under the influence of intoxicating liquor. The prosecutrix made no resistance nor did she make any complaint to anyone, but it is quite evident that the appellant failed to keep his own counsel because the matter leaked out and was brought to the attention of the prosecutrix's father, who had his wife question her relative to what he had heard had taken place on said occasion. She admitted the act and related in detail all the circumstances leading up to and including the act. The doctor who examined the little girl testified that his examination of her private parts disclosed that she had been penetrated by some male person. The appellant denied the act of sexual intercourse with prosecutrix. His witnesses, Lewis Pratt and Lula Allen, denied leaving the car at any time after the tire was repaired and testified that appellant did not have sexual intercourse with the prosecutrix in the car as testified to by her. The State proved that Pratt had theretofore made a statement in which he corroborated the testimony of the prosecutrix and contradictory of his testimony given at the trial of this case.

By bill of exception Nos. 1 and 2 the appellant complains of the action of the trial court in overruling his application for continuance. The bills of exception fail to show that the appellant exercised proper diligence to obtain counsel and the attendance of the desired witness. In the case of Long v. State, 17 Texas App., 128, this court said: "The onus is upon the defendant to establish exercise of diligence in support of an application for continuance. * * * 'When a witness who resides in the county of prosecution has been duly served with a subpoena to appear and testify in any criminal case or proceeding, and

fails to so appear, the State or the defendant shall be entitled to an attachment issued forthwith for such witness.' "

See, also, Jones v. State, 61 Texas Crim. Rep., 656.

It occurs to us that the application for a continuance is insufficient in that it fails to show due diligence both in securing the services of an attorney or the attendance of his desired witness. It appears from the application that appellant went to see an attorney who demanded a larger sum as a fee for his services in representing the appellant than he, the appellant, was then able to pay, but no allegation is made in the application that if the case was continued he, the appellant, would be financially able at the next term of court to secure the services of said attorney. If the appellant would not be financially able by the next term of court to secure the services of said attorney, then the continuance would be of no avail to him. He alleges in his application that he wrote to the witness whose testimony he desired but failed to hear from her; that he had subpoenaed her, but neither the application for the subpoena nor the subpoena with its return thereon nor what was done with the subpoena, whether it showed that the witness was ever served, is not shown nor is it shown if he ever had the subpoena served, when it was issued or what was done with the same. Under the circumstances it occurs to us that no reversible error is shown.

Bills of exception Nos. 4 and 5 are in question and answer form with no certificate of the trial judge that there exists any necessity therefor. In the absence of such certificate, this court is not authorized to consider the bills of exception. See Warrick v. State, 123 Texas Crim. Rep., 65, 56 S. W. (2d) 1078; Garza et al. v. State, 122 Texas Crim. Rep., 413, 55 S. W. (2d) 1042. Besides, the bills of exception were qualified by the trial judge and as thus qualified fail to reflect any reversible error.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.