HENRY TATE v. THE STATE.

No. 1665. Decided April 3, 1912.

Rehearing Denied April 24, 1912.

1.—Robbery—Continuance—Alibi—Want of Diligence.

Where defendant's application for continuance was insufficient in law and without sufficient diligence, and the alleged absent testimony was with reference to an alibi, and the defendant when testifying did not mention the fact that he was with such witness at the time, there was no error in overruling his motion.

**2.—Same—Newly Discovered Evidence—Impeaching Testimony.**

Where, upon trial of robbery, the prosecuting witness positively identified the defendant as the man who knocked him down and robbed him; and the alleged newly discovered evidence was merely of an impeaching character, there was no reversible error. Following Barber v. State, 35 Texas Crim. Rep., 70, and other cases.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sustained the conviction, there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Thos. C. Rowe* and *J. P. Parris* and *R. H. & Alice S. Tiernan,* for appellant.—On the question of continuance: Pruitt v. State, 16 S. W. Rep., 773; Massie v. State, 16 S. W. Rep., 770; Peace v. State, 10 S. W. Rep., 761; Boyett v. State, 9 S. W. Rep., 275; Lane v. State, 59 Texas Crim. Rep., 595, 129 S. W. Rep., 353; Sec. 259, Branch Crim. Law; Thomas v. State, 51 Texas Crim. Rep., 329.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of robbery, his punishment being assessed at five years imprisonment in the penitentiary.

In his motion for new trial there are but three grounds—the first complaining of the action of the court in overruling his application for a continuance on account of the absence of three witnesses. As to the witness Adelle Anderson (or Henderson) she appeared and testified on the trial of the case, and as to the witness Ivy Chambers, the application is insufficient in law, in that it does not allege that the witness Chambers is not absent by the procurement and consent of appellant. In fact, the way the application is worded it would indicate that this witness was absent by the consent and procurement of appellant, but whether by his procurement or with his consent or not, an application that does not so state is insufficient in law. (White v. State, 9 Texas Crim. App., 41; Cocker v. State, 31 Texas, 498; Pullen v. State, 11 Texas Crim. App., 89, and section 254, Branch's Criminal Law.) As to the witness, Murphy, the testimony of appellant does not mention him. In the application it is stated that he expects to prove by Murphy that he was in company with appellant at the time of the alleged robbery, and that appellant was not at the place where the offense occurred but that he was at another and different place. In his testimony appellant states where he claims he was from 3 o'clock in the afternoon until 10 o'clock at

night, and does not claim that Murphy was with him, but his testimony and the testimony of his witnesses would exclude the idea that Murphy was with him at the time of the alleged offense. It has been held by this court in Boyd v. State, 50 Texas Crim. Rep., 138, that where an application is filed asking for a continuance on account of the absence of a witness to prove an alibi, and the appellant when testifying in his own behalf does not mention the fact that he was with such witness at the time, there is no error in having refused the continuance. (See also Wigfall v. State, 57 Texas Crim. Rep., 639.) In addition to this it is shown by the record that the indictment in this case was returned Jan. 28, 1911, and by the court in his qualification to the bill, that on August 12, 1911, this case was set for trial on September 23 and no process was issued until September 7; that the subpoenas were all returned "not served" seven days before the case was called for trial, and no additional process was applied for. The case had been carried on the docket for eight months, at one term of court defendant's bond being forfeited, and yet no process had been issued for these witnesses until September 7. There appears to be a total lack of diligence as well as the other grounds hereinbefore stated, and the court did not err in overruling the application.

In his second ground, appellant asked a new trial on account of alleged newly discovered evidence. On the trial of this case, the prosecuting witness positively identified appellant as the man who knocked him down and robbed him. The affidavit of J. K. Stell is attached, wherein he states that the prosecuting witness had told him (Stell) he (the witness) was sitting down sleeping when he was hit and robbed and did not see the man who robbed him. The witness Stell does not claim to know any fact connected with the case, but only states facts which would tend to impeach the prosecuting witness, alleging that he had told him (Stell) certain things. It has been held in a number of cases that newly discovered evidence will not authorize a new trial if the purpose and effect of such evidence be merely to discredit or impeach a witness who has testified on the trial. Barber v. State, 35 Texas Crim. Rep., 70; Miller v. State, 35 Texas Crim. Rep., 209; Franklin v. State, 34 Texas Crim. Rep., 203; Grate v. State, 23 Texas Crim. App., 458; Atkins v. State, 11 Texas Crim. App., 8; Love v. State, 3 Texas Crim. App., 501; Gibbs v. State, 1 Texas Crim. App., 12; Fields v. State, 39 Texas Crim. Rep., 488.

The only other ground in the motion alleges the insufficiency of the testimony. The testimony for the State fully supports the verdict.

The judgment is affirmed.

*Affirmed.*