T. J. EDWARDS V. THE STATE.

No. 2650.   Decided October 15, 1913.

Rehearing denied November 19, 1913.

### 1.—Perjury—Sufficiency of the Evidence.

Where, upon trial of perjury, the evidence sustained the conviction, under a proper charge of the court, there was no error.

### 2.—Same—Evidence—Papers in Civil Suit.

Where appellant admitted in his brief that his assignment of error in admitting the petition for divorce in evidence was not well taken, it is unnecessary to pass thereon.

### 3.—Same—Evidence—Husband and Wife.

Where, upon trial of perjury, the real issue was whether defendant had sworn falsely in his suit for divorce that his wife was afflicted with a natural and incurable impotency of the body in that her sexual organs were not natural, there was no error in admitting the testimony of the wife's father and mother and a physician who had examined her after the separation and just before the trial of the divorce case, and who stated that she was a natural woman and had no such growth or defects as testified to by the defendant; and this was not permitting the wife to testify against the husband.

### 4.—Same—Charge of Court—Return of Jury.

Where the jury after retiring, returned into court and propounded a question to him, and the court orally instructed the jury to look to the charge of the court as theretofore given them, there was no error, in the absence of complaints to said charge; besides, the charge of the court was correct.

### 5.—Same—Evidence—Commission—Practice.

Where both sides had closed their testimony, and the court adjourned till next morning when defendant filed a written request that defendant's wife

be compelled to submit her person to a commission of five physicians as to the condition of her sexual organs, which was the issue in the case, there was no error in overruling said application, in the absence of any claim of surprise, because there was no bill of exceptions reserved.

Appeal from the District Court of Throckmorton.   Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. B. Humphrey* and *B. F. Reynolds,* for appellant.—On question of court's refusal to give additional instructions to the jury: Conn v. State, 11 Texas Crim. App., 390; Chamberlain v. State, 2 id., 451; McDonald v. State, 15 id., 493; Newman v. State, 43 Texas, 525; Taylor v. State, 42 id., 504; Farris v. State, 64 Texas Crim. Rep., 524, 144 S. W. Rep., 249; Miller v. State, 62 Texas Crim. Rep., 507, 138 S. W. Rep., 113; Boswell v. State, 59 Texas Crim. Rep., 161, 127 S. W. Rep., 820; Beck v. State, 63 Texas Crim. Rep., 615, 141 S. W. Rep., 111; Wilson v. State, 37 Texas Crim. Rep., 156; Harris v. State, 64 Texas Crim. Rep., 594, 144 S. W. Rep., 232.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The evidence would show that on the 11th day of March, 1911, appellant married one Effie May Williams, and lived with her as his wife for three months and three days, when he took her to her father's and abandoned her; thereafter on the 7th day of October, 1912, he brought suit for divorce, alleging that his wife was afflicted with a natural and incurable impotency of the body, in that her sexual organs were not natural, setting out in detail the way she was afflicted. The divorce suit was tried, and appellant was sworn and testified to the allegations in the petition, the truth or falsity of such statements being the issue in that case.   His wife answered the suit and appellant was indicted for perjury, the indictment alleging in detail the alleged false statements.   The appellant testified on this trial and admitted he had so testified in the suit for divorce, contending that it was the truth, and that he did so testify was amply proven.   So it might be said that on the trial for perjury the real contested issue was, was Mrs. Edwards afflicted as alleged.   Much testimony, pro and con on this issue was submitted, the court fairly submitted it to the jury, and the contention that the testimony will not support the verdict can not be sustained.

The first contention is that the court erred in admitting the petition filed by appellant in the divorce suit in evidence.   Appellant admits in his brief that this assignment should not be sustained, and it is unnecessary to discuss it.   See Davidson v. State, 22 Texas Crim. App., 372; Washington v. State, 23 Texas Crim. App., 336; Maines v. State, 23 Texas Crim. App., 568.

The defendant had testified to a natural impotency of the body. The evidence, both in behalf of the State and defendant, embraced the time from the birth of Mrs. Effie May Edwards until the date of this trial. Consequently there was no error in admitting the testimony of the father and mother and Dr. L. H. Hardy. The doctor examined Mrs. Edwards after the separation and just before the trial of the divorce suit, and said she was a natural woman and had no such growth or defects as testified to by appellant. The contention that because Mrs. Edwards was appellant's wife that the doctor and her mother would not be permitted to testify as to her condition in the respects named,—that this would be permitting the wife to testify against the husband,—can not be sustained. It is true that Mrs. Edwards could not and was not permitted to testify,—the law closed her mouth. Then to further hold that she was not permitted to submit her person to examination, and the persons making the examination, not permitted to testify, would be monstrous. Appellant could testify to any falsehood he might desire, and the falsity of it never shown, if such were the rule. The doctor and the mother merely testified to the condition of the sexual organ of Mrs. Edwards from an examination of her person, and this was not permitting his wife to testify. The fact that they were persons of her own choosing might go to the weight to be given their testimony, but not to its admissibility.

The jury, after retiring, returned into court and propounded a question to the court. The court gave no additional instructions, but instructed the jury to look to the charge of the court as theretofore given them. In this the court did not err, for if there was error in the charge, either of omission or commission, the proper practice would be to complain of the charge in that respect. However, we might say there was no error either of commission or omission in the charge, but it was a fair and full presentation of every issue in the case.

It appears that appellant appeared and announced ready for trial; the State introduced its testimony and the appellant his testimony when the State replied in rebuttal. Both sides announced they would close, when court adjourned until next morning. Upon the convening of court next morning appellant filed a written request that Mrs. Edwards be compelled to submit her person to a commission of five physicians, he naming them, three of them residing at towns other than the county site. The court overruled the application, but no bill of exceptions was reserved to the action of the court, at least none appears in the record before us; consequently this question is not presented in a way we would be authorized to review it. (Gaston v. State, 11 Texas Crim. App., 143.) However, if a bill of exceptions had been reserved, we do not think the action of the court in overruling the application would present error. In overruling the motion, the court entered the following order: "On this day came on to be heard the motion of defendant in this cause for leave to withdraw his announcement that he had closed his evidence in this case and have a commission of physicians appointed to examine

the private female organs of Effie May Edwards and it appearing to the court that this case has been pending in this court and defendant having been under bond to answer same for six months and it appearing to the court that on May 13, 1913, defendant announced ready for trial, and it further appearing that both the State and defendant at the hour for evening adjournment on May 13, 1913, both announced that they were through with the evidence and announced to the court that the evidence was closed for both and this being the first time this matter has ever been called to the attention of the court or any such request made, this being the morning of the 14th day of May, 1913, the hour set for the argument in the case and for these reasons said motion is overruled, to which defendant excepts." The record discloses that the divorce case was tried at the preceding term of court (when appellant was indicted). That Dr. Hardy and Mrs. Williams both testified on the trial of the divorce suit, and appellant consequently knew what their testimony would be on this trial, which occurred six months later, yet with a knowledge of these facts, he announces ready, proceeds with the trial, and makes no motion in regard to this matter until the testimony had closed. If in his application he had claimed he was surprised by the testimony offered by the State, there might be merit in appellant's contention. But, of course, he did and could not make that contention, for he had heard this testimony adduced on the trial of the divorce suit, six months prior to this trial, and if he desired a commission appointed he should have made this application before announcing ready for trial. It came too late after the close of the testimony. The court could not be expected to suspend, while it sent to distant points for physicians to make the examination, keep a jury locked up and thus delay the court in the transaction of its business. Such motions must be timely made, otherwise we will not review the action of the court in overruling them.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 19, 1913.—Reporter.]