## C. DICKSON v. THE STATE.

### No. 3197. Decided June 26, 1914.

**1.—Murder—Evidence—Res Gestae.**

Where, upon trial of murder, the testimony showed that defendant shot the deceased through a door, etc., there was no error in permitting the State to introduce testimony that the witness examined the premises the next morning and found a bullet hole in the door, as this was not too remote to make it res gestae.

**2.—Same—Dying Declarations—Evidence—Predicate.**

Where deceased made the statement testified to by the witness at the time when she believed and stated she could not survive and death was impending; that she was in possession of her senses and the statement was freely and voluntarily made, there was no error in overruling the objection that a proper predicate had not been laid to introduce dying declarations.

**3.—Same—Evidence—Flight.**

Upon trial of murder, there was no error to show that defendant fled from the county of the prosecution shortly after the homicide, and was not located until some time thereafter in another county under an assumed name.

**4.—Same—Argument of Counsel.**

Where, upon trial of murder, the argument of State's counsel to which objection was made was in response to defendant's demand therefor, there was no error.

**5.—Same—Rule Stated.**

When counsel for defendant, by their argument, go out of the record and make comments or call upon State's counsel for an explanation of the matter, they can not be heard to complain to the response by State's counsel.

**6.—Same—Bill of Exceptions—Practice on Appeal.**

In the absence of a bill of exceptions or other verification, complaints in the motion for new trial can not be considered.

**7.—Same—Charge of Court—Objections.**

In the absence of objections to the court's charge at the time it was given or in the motion for new trial, the same can not be considered on appeal.

**8.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of murder, the evidence was sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*O. S. York* and *T. C. Turnley* and *Henry O'Dell,* for appellant.—On question of insufficient predicate to admit dying declarations: Ledbetter v. State, 23 Texas Crim. App., 247; Craven v. State, 49 Texas Crim. Rep., 78; Phillips v. State, 50 id., 127; Ex parte Meyers, 33 id., 204.

On question of flight: Jones v. State, 30 Texas Crim. App., 345.

On question of argument of counsel: Bearden v. State, 46 Texas

Crim. Rep., 144; Smith v. State, 55 id., 563; McClary v. State, recently decided.

*C. E. Lane,* Assistant Attorney General, and *Chas. H. Theobald* and *Walter E. Cranford* and *Eugene A. Wilson,* for the State.—On question of res gestae: Cunningham v. State, 73 Texas Crim. Rep., 565, 166 S. W. Rep., 519.

On question of argument of counsel: Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 726.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder, and his punishment assessed at twenty years confinement in the State penitentiary.

Mr. Joseph Bonart had testified that on the night appellant shot his wife she told him they had trouble about her ironing a vest, and that he went out the door and she closed it, when appellant shot her through the door. No objection was made to this portion of the testimony, it being admitted that it was res gestae of the transaction. The shooting occurred at night, and Mr. Bonart testified he examined the premises the next morning and found a bullet hole in the door, and found the bullet in the wall opposite the door. This part of his testimony was objected to on the ground that it was not res gestae and too remote in time. The contention of the State was that appellant had shot his wife through a closed door, and the ball had entered her back and passed through her body. The attending physician so testified, and it was admissible to show that the bullet had entered the door from the outside as shown by powder burns, and taking into consideration the point it lodged in the wall, the door must have been closed. These were physical facts shown on the ground which could be testified to by any witness who saw them, and the next morning was not too remote in time.

The testimony of Phoebe Bowman was admissible as a dying declaration. It is shown that deceased made the statement testified to by the witness at a time when she believed and stated she could not survive, but that death was impending; it was shown that she was in possession of her senses, and the statement was freely and voluntarily made. She was telling her mother how the shooting occurred, and the remarks were not solicited, nor were they in answer to any questions, but when her mother visited her she voluntarily told her version of how it occurred. There was no objection to the statement itself, but the only objection made was that no proper predicate had been laid rendering it admissible. We are of the opinion that the court was correct in holding that a proper predicate had been proven.

Neither was there any error in permitting the chief of police to detail the search he had made in an effort to find appellant, and that he could not be found in Galveston. The record conclusively shows that the killing occurred in 1906; that appellant fled from the City of Galveston, and was not located until in December, 1913, when he was recognized in San Antonio by a cousin of the deceased woman, who had him arrested,

and he at that time gave his name as Charlie Flowers, and denied knowing the woman who had caused his arrest. It is always permissible to show flight.

It is shown by a bill that in his closing argument the county attorney said: "That I had in my possession information which I considered reliable that the defendant was a fugitive from justice from the State of Louisiana," which remarks were objected to by appellant's counsel. The court, in approving the bill, states: "Approved with the explanation that in the argument of Mr. Thos. C. Turnley, one of the attorneys for the defendant, Mr. Turnley had made before the jury a very bitter attack on the county attorney for having asked the defendant on cross-examination if he hadn't killed a man in Louisiana and to which, without objection by or on behalf of defendant, defendant answered no. Defendant had put his general reputation in issue by a plea for suspension of sentence and also by evidence on direct examination in support of such plea, defendant stating he had never been convicted of a felony in this State or any other State. In his argument Mr. Turnley accused the county attorney of having acted unfairly and dastardly in asking the defendant if he had not killed a man in Louisiana and that such question could only have been asked to prejudice the defendant before the jury, and he called upon the county attorney to explain to the jury why he did it. That if the State wanted to show the defendant had been convicted in Louisiana, it knew it ought to do so by producing a certified copy of the judgment of conviction and it failed to do it. In reply to defendant's demand through his said attorney the State through its counsel answered that the reason it had asked such question was that counsel for the State had information which he considered reliable that the defendant was a fugitive from justice from the State of Louisiana, and he thought if he asked defendant he would speak the truth about it." As thus qualified the bill presents no error, as the remark was called for by the argument of appellant's counsel.

The court declined to approve appellant's bill of exceptions No. 6, saying that it is inaccurate, but prepares and files the following bill in lieu thereof: "What actually transpired was that Mr. O. S. York, counsel for the defendant, in his argument before the jury, stated that even if the defendant had been guilty of flight after the shooting there was nothing for him to flee from for the very indictment in the case reflected he had not been indicted for any offense until the 3rd day of February, 1914, nearly seven years after the killing. If the State, he continued, had regarded the defendant guilty of an offense, why hadn't it brought in an indictment sooner, instead of waiting nearly seven years to do so. When counsel for the State in his closing argument after discussing other matters, had gotten so far as to say, 'Now Mr. York's counsel referred to the fact that the indictment in this case was not filed until February, 1914,' Mr. York interrupted by rising and stating to the court that he knew what was coming, that counsel for the State was going to say there was another indictment found long

before, and that he was going to head off any such remarks of the district attorney and object to any such statement by the district attorney, as there was no evidence of a previous indictment. Counsel for the State answered that he did not intend to make any such statement, but would say there was no evidence that a previous indictment had not been found. Whereupon counsel for defendant excepted and took a bill of exceptions to the court's refusal to admonish counsel for the State that he could not refer at all to defendant's argument about the indictment. In this connection and in approving this bill as set forth by the court, the court further adds that, that was all that was said by State's counsel with reference to the question of the indictment, and further adds that Mr. York knew that at the time he made his argument another indictment returned in February, 1907, was pending in this court against the defendant for the same offense, charged in the indictment returned in February, 1914, having previously been appointed to represent defendant upon the charge made in the 1907 indictment." When counsel for defendant by their argument go out of the record and make comments, or when by their comments they call upon State's counsel for an explanation of a matter, they can not afterwards be heard to complain of matters of which they themselves brought about, and under the circumstances recited by the court in the bill of exceptions, there was no error committed in the premises.

Those matters complained of in the motion for new trial, to which no bill of exceptions was reserved, can not be considered by us, as they are not verified in a way which would authorize us to review such grounds.

No special charges were requested, and no objections were made to the charge as given either at the time it was given or in the motion for new trial. The evidence for the State amply supports the verdict, and the judgment is affirmed.

*Affirmed.*