## J. N. Woods v. The State.

No. 13263.   Delivered May 7, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 554.

The opinion states the case.

*Howard & Jackson* of El Paso, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifteen years.

It was undisputed that appellant shot and killed George Berry. It appears that appellant had from time to time given financial aid to deceased. According to appellant's version, he had declined to give deceased further financial aid. Deceased was in debt and in need of money. Upon being refused further assistance, deceased became angry. Further, appellant's testimony was to the effect that deceased threatened to kill him if he did not furnish him with a certain amount of money at a stated time. It was uncontroverted that these threats were made by deceased and communicated to appellant. Appellant testified that he sought the protection of the officers. Being unable to secure the protection he desired, appellant borrowed a pistol, which he was carrying on the occasion of the homicide. Touching the fatal shooting of deceased, appellant testified that deceased made a demonstration toward him which caused him to believe that the threats deceased had made were about to be executed. He said that deceased made a movement toward his hip, and that he believed deceased was preparing to draw a pistol and kill him. He shot at deceased several times, two of the shots taking effect. According to the state's testimony, deceased was in his shirt sleeves and unarmed at the time of the shooting. Appellant declared that deceased had on a leather coat. It seems to have been undisputed that deceased was unarmed. It was the state's theory that appellant sought deceased for the purpose of killing him. There was testimony tending to support such theory.

Appellant filed his first application for a continuance wherein he alleged he was not ready for trial on account of the absence of several named witnesses. It was not averred in the application that the witnesses were not absent by the procurement or consent of the appellant. The application was fatally defective. Subdivision 4 of Art. 543, C. C. P.; Gaines v. State, 138 S. W. 387; Bowers v. State, 71 S. W. 284; Tate v. State, 146 S. W. 169; White v. State, 9 Tex. Cr. Apps. 41.

Bill of exception No. 2 relates to the action of the court in overruling appellant's challenge to certain jurors. It is recited in the bill of exception that these jurors had declared upon their voir dire examination that the return of the bill of indictment against appellant would raise in their minds the presumption that he was guilty. The court qualifies the bill of exception with the statement that upon examination by the court, the jurors answered they would not

consider the indictment as any evidence of the guilt of appellant, but would presume that the appellant was innocent until the state established his guilt by legal and competent evidence beyond a reasonable doubt. Appellant peremptorily challenged the jurors. It is stated in the qualification that after appellant had exhausted his peremptory challenges the court allowed him an extra challenge, which he did not use. The opinion is expressed that the jurors are shown to have been qualified. It may be added that the bill of exception fails to show that appellant exhausted his peremptory challenges. Again, it is not shown in the bill that the action of the court in overruling appellant's challenges for cause resulted in objectionable jurors being forced upon him. Sec. 543, Branch's Annotated Penal Code.

Bill of exception No. 3 presents the following occurrence: While state's witness Hudson was upon the stand a hat was exhibited to him. He testified that he found the hat in the building where deceased was shot some two or three hours after the shooting. The hat had a hole in it, and was bloody. Deceased had been shot in the top of the head. Appellant objected to the introduction of the hat on the ground that it tended to solve no issue in the case, and was introduced merely for the purpose of inflaming the minds of the jury. The bill of exception is qualified as follows: "The defendant did not admit that the deceased had been shot in the top of the head with a large calibre revolver but did make the following admission: 'The deceased was killed and had two wounds on him.'" The opinion is expressed that the bill of exception fails to show that the hat was not calculated to aid the jury in arriving at the truth of the manner of the killing. The rule, as stated by Mr. Branch in Section 1855 of his Annotated Penal Code, at page 1031, is as follows:

"It is permissible to introduce bloody clothing in evidence only when the introduction serves to illustrate some point or solve some question, or serves to throw light upon the matter connected with the proper solution of the case, and under no other circumstances; but whenever the introduction of such clothing would, in the light of the whole case, aid the jury in arriving at the very truth of the matter, the court should not hesitate to admit its production and exhibition."

It is not in every instance that the improper receipt of such evidence has resulted in a reversal.

Appellant brings forward three bills of exception wherein he complains of the refusal of the court to permit him to prove by the

officers that he went to them prior to the homicide and told them that deceased had threatened to take his life, and asked them to give him protection. It appears that the declarations in question were made the day before the homicide. They were self-serving, and properly rejected. Hart v. State, 121 S. W. 508; Hardeman v. State, 133 S. W. 1056; Hardy v. State, 217 S. W. 939; Watt v. State, 235 S. W. 888.

Bills of exception 8 and 9 complain of the action of the court in declining to permit the witnesses named in said bills to answer certain questions propounded to them by appellant. The bills fail to show what the answers of the witnesses would have been. They are therefore not entitled to consideration. Branch's Annotated Penal Code, Section 212.

We have carefully examined all of appellant's contentions, and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In his motion for rehearing attention is directed to the sentence in which the appellant is condemned to suffer confinement in the penitentiary for a term of fifteen years. The sentence should have condemned the appellant to confinement in the State Penitentiary for a period of not less than two nor more than fifteen years. In that particular the sentence is amended.

Touching the other matters to which the motion for rehearing relates the opinion is entertained that on the original hearing the proper disposition of the appeal was made.

The motion is granted to the extent of reforming the sentence, otherwise overruled.

*Overruled.*