THEODORE LANGERHANS v. THE STATE.

No. 13663. Delivered November 12, 1930.
Reported in 32 S. W. (2d) 472.

The opinion states the case.

*H. H. Sagebiel* of Fredericksburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, aggravated assault; penalty, a fine of $25.00.

The indictment charged in part that the assault was committed with premeditated design and by the use of means calculated to in-

flict great bodily injury and that serious bodily injury was inflicted upon prosecuting witness.

The chief contention of appellant on this appeal is that the evidence is insufficient to prove the allegations aforesaid. We quote a portion of the testimony literally. The injured party testified in part:

"Just when I aimed to step off the sidewalk, somebody jumped on my back and hit me. I had not seen the party that day, before he hit me. I don't know what he hit me with; but he had some kind of an instrument in his hand; it was a piece of mattock, iron or brass, or something. * * * When he hit me from the back I didn't see it. * * * I am 62 old today. * * * I am a working man. * * * What result that had on my physical condition, well, my right hand I had to carry in a sling, couldn't use the arm for a couple of weeks and sort of thickened the hand; I couldn't hold anything, sometimes I carried my hand in my shirt. Sometimes if I had the sling around my neck I couldn't stand the pain and I would have to take it off. My neck still pains me. * * * I could hardly perform my work after that occurred. I had a man to do my work. I couldn't do it. * * * If I work now and if I lie down or sit right still, like this, it gets worse, especially in the evening. If I lie down just a few hours about midnight, the pain commences and I can't rest any more on account of the pain."

Another State's witness testified in part:

"I know Theodore Langerhans. I saw him about that time; he was on the outside; he was standing on the outside there; looked like he was waiting for somebody. He was moving about, back and forth. When I walked in I seen him there and he looked a little suspicious to me, but I didn't have any idea in the world what was the matter."

The son-in-law of appellant testified in part:

"I was watching Langerhans while I was sitting there. He said he was going up there to see Mr. Ellebracht. He didn't say he was going to do anything. He said he was going to wait until he came out of there. * * * I was watching him to see what was going to come off. I thought I knew what was going to come off. I thought it was going to happen what happened. Langerhans did not walk up and down in front of that baker shop. He staid right behind the door, on the other side of that door, waiting for Mr. Ellebracht to come out. * * * I saw him run up to Stucke's bakery door after the fight, chasing old man Ellebracht."

Conceding, but not deciding, that it was necessary to prove three elements, namely (a) that the assault was with premeditated design, (b) that it was by use of means calculated to inflict great bodily injury, and (c) that serious bodily injury was inflicted, we think the quoted evidence was sufficient to establish all three. Some of this was disputed but this presented a jury question with whose finding we are not at liberty to interfere. See Keley v. State, 12 Tex. Crim. App. 245; Coney v. State, 2 Tex. Crim. App. 62; Yeary v. State, 66 S. W. 1107; Blain v. State, 78 S. W. 518.

It is further insisted that the verdict of the jury was found upon immaterial evidence and affidavits of jurors are attached to support such allegations. A verdict cannot be explained or impeached in this manner by affidavits. Weatherford v. State, 31 Tex. Crim. Rep. 530; Chapman v. State, 77 Tex. Crim. Rep. 591; Watson v. State, 82 Tex. Crim. Rep. 305.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.