## WALTER BELL v. THE STATE.

No. 14179.   Delivered May 13, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*Carney & Carney,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The conviction is for murder; punishment, three years in the penitentiary.

There was testimony to the effect that the appellant about one month prior to the homicide had been caught by the deceased in company with the wife of deceased under such circumstances as might show illegitimate relations existing between them. There was testimony also to the effect that at least a pear prior to the killing that the appellant had been paying attention to the wife of the deceased and that some difficulty had arisen between them. There was also testimony that a short time prior to the killing, appellant admitted to one of the witnesses that deceased had caught him with his wife and in that conversation appellant told the witness that if he had had a gun he would have killed the deceased because he had no right to come in on him. On the morning of the difficulty appellant was going to his work and the deceased intercepted him on the street. Appellant had something in his hand wrapped up in a newspaper which developed to be a pistol. When the appellant neared deceased, the deceased started towards him, one of the witnesses saying that he had a

rock in his hand weighing about two pounds, another witness denying that fact, but stated that the deceased crossed over the street and intercepted appellant, whereupon the appellant told him that he did not want to have any trouble with him and if he did not get back he would shoot him; whereupon, deceased replied for him to shoot and appellant fired three shots into the body of deceased, one while he was standing up, the second while in the act of falling and the third after he had fallen to the ground. Appellant fled, throwing away the pistol, and was in a short distance caught by parties who witnessed the transaction.

Appellant contended that the killing was in self-defense.

The case was submitted to the jury under the law of murder with and without malice and that of self-defense both from actual as well as apparent danger. Also a special charge was given telling the jury in effect that if the appellant was rendered incapable of cool reflection by reason of the actions and conduct of the deceased and that while in such condition killed him, such would not be a malicious killing.

Several bills of exception are brought forward for review.

Bill of exception No. 1 complains of the action of the trial court in sustaining an objection to the testimony of J. C. Roberts upon the ground that said testimony was self-serving. The bill shows that the appellant tried to prove by the witness Roberts as to what the appellant stated to him on the day before the killing when appellant came in from making a delivery as to his trying to avoid the deceased and that the deceased was after him every time he got out. There is nothing in said bill which shows that the statement which appellant sought to have elicited was upon any transaction brought out by any evidence on behalf of the state. The conversation which appellant sought to prove by the witness Roberts appears from said bill to have been made the day before the homicide. It was held by this court in the case of Woods v. State, 115 Texas Crim. Rep., 373, 28 S. W. (2d) 554, where it was sought to be proven that the appellant had told the officers the day before that deceased had threatened to take his life and asked them to give him protection, that said testimony was properly refused because it was self-serving. Citing Hart v. State, 57 Texas Crim. Rep., 21, 121 S. W., 508; Hardeman v. State, 61 Texas Crim. Rep., 111, 133 S. W., 1056; Hardy v. State, 86 Texas Crim. Rep., 515, 217 S. W., 939, 8 A. L. R., 1357; Watt v. State, 90 Texas Crim. Rep., 447, 235 S. W., 888.

Bills of exception Nos. 2 and 3 complain of the action of the trial court in refusing to allow them to prove by the same witness, Roberts, in sir-rebuttal the facts as set out in bill No. 1. The trial court qualified both of said bills substantially to the effect that the state's attorney's objection was not to the witness testifying to the facts sought to be elicited, but that the objection was to the manner and form of the question; that the court stated to the attorney for the appellant that he could

elicit the evidence from the witness by proper question; that the attorney for the appellant thereupon summarily dismissed the witness from the stand and said, "That's all right. Let it go." It is shown by said qualification that the trial court did not refuse to allow the appellant to prove what occurred in said conversation sought to be elicited, but that when the court sustained the objection to the form of the question asked, appellant's attorney refused to pursue same any further.

It appears from bill of exception No. 4 that the state produced the witness Charlie Johnson, who testified on direct examination that he was a brother-in-law of appellant and that it appeared from the testimony of appellant that said Charlie Johnson had married the sister of appellant, but that the said Charlie Johnson and appellant's sister were separated; that in rebuttal to facts brought out by the defense that his wife had divorced him on certain grounds of cruel treatment alleged in her petition, which was exhibited by appellant on examination of the witness in this case and about which the witness was questioned by appellant on cross-examination; that the said Charlie Johnson was allowed to testify in answer to question by the state that the reason that he and appellant's sister were separated was because of improper relations between the appellant's sister and another man and because of immoral conditions prevailing in the home of appellant's sister. Appellant objected to said testimony offered in rebuttal by the witness Charlie Johnson on the ground that it was immaterial and not binding on the appellant, that it was prejudicial and that the state was seeking to impeach the appellant upon an immaterial matter, and that the state was bound by appellant's answer. It is shown by said bill of exception that the matter was gone into by the appellant and that the state was offering in its rebuttal to show the reasons why the separation took place. Not enough of the surrounding facts and circumstances are stated to enable this court to determine the merits of the bill and the correctness of the ruling involved to show that the evidence was inadmissible and that the ruling was erroneous and hurtful to the cause of the appellant, which is necessary in order to determine its admissibility or effect. The bill as presented does not show reversible error. See 4 Texas Jur., secs. 216 and 217, and authorities there cited.

Bill of exception No. 5 shows that in rebuttal of matters brought out by defendant concerning grounds on which the witness Charlie Johnson's wife divorced him as alleged in her petition exhibited to and from which appellant questioned the witness Charlie Johnson in this case that the state again placed the witness Charlie Johnson on the stand and he was allowed to testify in answer to questions by the state as follows:

Q. "Did you treat her brutally and curse and abuse her?"
A. "No."
Q. "Did you threaten her life?"
A. "No."

Appellant objected upon the ground that it was immaterial and leading, which objection the court overruled. This bill is subject to the same criticism as bill No. 4, and in addition thereto there was no showing that the appellant was prejudiced by reason of the questions asked and the answers thereto. The permitting of leading questions improperly will not be reversible error in the absence of a showing of prejudice thereby. Branch's P. C., sec. 157; West v. State, 2 Texas App., 474; Montgomery v. State, 4 Texas App., 142; Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W., 728; Hill v. State, 76 Texas Crim. Rep., 269, 173 S. W., 1024.

By bill of exception No. 6 appellant complains of the following statement made by the district attorney in his closing argument to the jury: "Gentlemen of the Jury, why didn't the defendant bring Negro Character witnesses to tell the jury what kind of a character the defendant had?"

Appellant objected to this statement upon the ground that the issue raised by the argument of the district attorney was not raised in the open argument of the state to the jury, and that appellant's counsel had no opportunity to reply to it. The trial court qualified said bill to the effect that the language complained of used by the district attorney was in response to and invited by the argument of the attorney for the appellant to the jury concerning the number of white witnesses that had testified to the good character of appellant. The defendant is not entitled to complain of improper argument of state's counsel which is occasioned and justified by the argument of his own counsel. Branch's P. C., sec. 363; Vann v. State, 48 Texas Crim. Rep., 15, 85 S. W., 1064; Roberts v. State, 60 Texas Crim. Rep., 112, 131 S. W., 321; Moore v. State, 65 Texas Crim. Rep., 453, 144 S. W., 603; Dickson v. State, 74 Texas Crim. Rep., 495, 168 S. W., 862.

Finding no error that would require a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant lays stress on two points, viz: that the testimony of J. C. Roberts, set out in bill of exception No. 1, should have been admitted; that it was error to allow the state witness Johnson, in re-direct examination, to say that he was separated from his wife, the sister of appellant, because of her immorality.

Appellant seeks to show that the authorities cited in our opinion disposing of the first of these contentions do not support the decision, in that the statements held self-serving in each of said authorities appear to

have been deliberate and made to an officer. Nothing in bill of exception No. 1 shows that the statements of appellant to Roberts, which were held inadmissible, were not deliberate,—and the fact that Roberts was not an officer seems to furnish no ground for any distinction between this case and those cited in the opinion. The point at issue was and is the self-serving character of the testimony. Some time during the day before that of the killing appellant said to Roberts: "Otis Pouncey is after me every time I go out to make a delivery, and I am trying to avoid him." The rule generally adhered to in this state is that declarations of the defendant offered in his behalf, which are not res gestae nor relevant to some confes-sion or declaration of his offered by the state, are not admissible. Wood v. State, 28 Texas App., 61, 12 S. W., 405; Giebel v. State, 28 Texas App., 151, 12 S. W., 591; Red v. State, 39 Texas Crim. Rep., 414, 46 S. W., 408; Medford v. State, 86 Texas Crim. Rep., 240, 216 S. W., 175. We think the Cole case, 48 Texas Crim. Rep., 439, 88 S. W., 341, and the Poole case, 45 Texas Crim. Rep., 348, 76 S. W., 567, relied on by appellant, so different on their facts as to not make them in point. Statements held admissible in the Cole case could hardly be declared self-serving under any construction. The statements held admissible in the Poole case were made a very short time before the homicide, not over an hour or two before the killing. There must necessarily be exceptional cases under any general rule, and these exceptions are largely dependent upon the facts in the particular case. In the Poole case, supra, there was a closely drawn issue of self-defense against an attack with a pistol by the deceased. In the case before us apparently the main eye-witness for the defense testified that he saw the deceased sitting by a street playing with a little rock, and that appellant presently came up said street. He said further that deceased started up the street walking toward appellant, who said to deceased: "Go on, I don't want to have any trouble out of you". Deceased walked on, and appellant again spoke and said: "Go on now, I don't want to kill you". Deceased still continued to walk toward appel-lant, who then said: "Get back or I will kill you", and at this juncture deceased said "Shoot", whereupon appellant raised a paper in which he had a pistol and fired. The witness said deceased had not offered to do anything with the rock, had not raised his hand or said anything to appel-lant, except as above stated. These facts make out a very different case from Poole v. State, supra, and Cole v. State, supra.

We find nothing in the other proposition advanced. Appellant on cross-examination of the witness Johnson had asked him many questions calculated to reflect upon him. The matters complained of in bill of exception No. 4 were elicited from said witness on re-direct examination as explanatory of the reflective facts brought out by appellant. That this is in accordance with the authorities is plain. Numerous cases so holding are cited by Mr. Branch in his Annotated P. C., sec. 94. Among them

are Bruce v. State, 31 Texas Crim. Rep., 594, 21 S. W., 681; Burks v. State, 40 Texas Crim. Rep., 169, 49 S. W., 389; Maxey v. State, 58 Texas Crim. Rep., 118, 124 S. W., 927.

We are constrained to believe the case properly decided originally, and the motion for rehearing will be overruled.

*Overruled.*