EARL HANCOCK v. THE STATE.

No. 14700.   Delivered January 27, 1932.
Rehearing Denied March 2, 1932.

The opinion states the case.

*John M. Cobb, J. Meek Hawkins* and *C. G. Stevens,* all of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of ·Austin, for the State.

CALHOUN, JUDGE.—The offense, the unlawful selling of intoxicating liquor; the punishment, one year in the penitentiary.

W. B. Robinson, the alleged purchaser of the liquor from the appellant, testified that he bought a pint of whisky from appellant and after appellant handed him the whisky he gave him $1.50 in return for the whisky. He further testified that he had also ordered some beer from the appellant at the same time, which was delivered to him by the appellant and he drank it in appellant's place. He was corroborated in the main by the witness Tadlock.

There was evidence offered by the appellant to the effect that the state's witness, Robinson, had made statements out of court contradictory of his testimony on the trial. The appellant did not testify.

There are three bills of exception in the record. It appears from bill of exception No. 1 that while the witness for the defendant, Jake DeWeese, was on the stand testifying and while being questioned by the state's attorney on cross-examination, he was asked, "Have you been in Earl Hancock's place of business, that beer joint he is running, and haven't you bought whisky from him there?" to which the witness answered, "No sir". This bill is insufficient of itself to manifest the supposed error. Not enough of the surrounding facts and circumstances are stated to enable this court to determine the merits of the bill and the correctness of the ruling involved to show that the evidence was inadmissible and that the ruling was erroneous and harmful to the cause of the appellant, which is necessary in order to determine its admissibility or effect. The bill as presented does not show reversible error. See Tex. Jurisprudence, vol. 4, secs. 216 and 217, and authorities there cited.

In bill of exception No. 2, complaint was made of the following portion of the district attorney's closing argument: "Gentlemen of the Jury, he has been indicted before and forfeited his bond, that is why he was reindicted in 1930."

Appellant alleges that said remark was inflammatory and prejudicial

to the defendant and may have influenced the jury in rendering their verdict against him because as a matter of fact this defendant did not forfeit his bond. Evidence was heard upon the issue on the motion for new trial, and the trial court denied the motion. There was no showing in the bill or in the record that there was any objection or exception made or taken to the argument of the district attorney at the time it was made and no special charge was asked regarding same. Simmons v. State, 93 Texas Crim. Rep., 421, 248 S. W., 392; Harris v. State, 93 Texas Crim. Rep., 544, 249 S. W., 485. No evidence was heard upon the hearing of said motion for new trial except that given by the state's counsel, Mr. Peden. It appears from said testimony heard that before the argument of the district attorney complained of was made, the appellant's counsel in his argument to the jury argued that the indictment was returned about a year after the offense was committed and he called upon the state's attorney to explain it. The evidence further showed that during the trial both indictments were testified to as being in the papers and that the argument complained of was invited by and made in answer to the argument of defendant's counsel. Said bill of exception shows no reversible error. The defendant is not entitled to complain of argument of state's counsel which is in response to and invited by the argument of the attorney for the appellant. Branch's Penal Code, sec. 363; Vann v. State, 48 Texas Crim. Rep., 15, 85 S. W., 1064; Roberts v. State, 60 Texas Crim. Rep., 112, 131 S. W., 321; Moore v. State, 65 Texas Crim. Rep., 453, 144 S. W., 598, 603; Dickson v. State, 74 Texas Crim. Rep., 495, 168 S. W., 862.

There are a number of matters complained of in bill of exception No. 3. First, because of the failure of the court in his charge to the jury to describe the offense for which the defendant stood charged and his plea thereto. The objection now being urged to the charge was not raised at the time of the trial by written objection to the court's charge as required by article 658, Code of Criminal Procedure, 1925, but was for the first time complained of on the motion for new trial. This was too late. See Lawson v. State, 114 Texas Crim. Rep., 65, 24 S. W. (2d) 412; Marshburn v. State, 115 Texas Crim. Rep., 523, 28 S. W. (2d) 135; Faulkner v. State, 104 Texas Crim. Rep., 378, 283 S. W., 824; Redford v. State, 98 Texas Crim. Rep., 42, 252 S. W., 766.

Appellant complains of the refusal of the trial court to hear testimony as to the misconduct of the jury. The matter set up in the motion for new trial complained of the misconduct of the jury and that it was decided in another manner than a fair expression of the opinion of the jurors. It was set up in the motion for new trial that the defendant's counsel had been informed by two of said jurors that they did not convict the defendant upon the sale of the liquor claimed to have been made by the defendant to W. B. Robinson; that they did not believe what he tes-

tified to relating to such sale, but they stated that they did convict him upon the gallon of liquor, the presence of which was testified to by all of the witnesses for the state. No affidavits of the jurors were presented. The appellant complains of the fact that the court did not permit him to introduce proof to show on what grounds the verdict was rendered. In the case of Weatherford v. State, 31 Texas Crim. Rep., 530, 21 S. W., 251, 252, 37 Am. St. Rep., 828, it is said: "Upon grounds of public policy, courts have almost universally agreed upon the rule that no affidavit, deposition, or other sworn statement of a juror, will be received to impeach a verdict, or to explain it, or to show on what grounds it was rendered, and the wisdom of the rule needs no argument to support it." See also Chapman v. State, 77 Texas Crim. Rep., 591, 179 S. W., 570; Watson v. State, 82 Texas Crim. Rep., 305, 199 S. W., 1113; Langerhans v. State, 116 Texas Crim. Rep., 13, 32 S. W. (2d) 472; Ross v. State, 100 Texas Crim. Rep., 295, 273 S. W., 582. No error is shown by the refusal of the court to hear evidence upon said issue as presented by the motion.

Complaint is also made to the answer of the court to the following request of the jury for additional instructions: "Would it be considered a lawful transaction if a man accepted liquor without paying for it on the spot, but with a promise to pay later on?" To which question the court gave the following answer to the jury: "Gentlemen of the jury, I can not instruct you any further. You will retire and consider the case under the evidence adduced upon the trial and the charge given you."

The court in his main charge had instructed the jury that if they believed from the evidence beyond a reasonable doubt that on or about November 16, 1929, in Harris county, Texas, the defendant did sell intoxicating liquor to W. B. Robinson, then they would find him guilty and assess his punishment at not less than one year nor more than five years in the penitentiary. The trial court by said answer to the inquiry of the jury again called the attention of the jury to the charge of the court which authorized a conviction only in the event the sale was made to W. B. Robinson as alleged in the indictment. Neither the record nor the bill of exception shows that there was any objection made by the appellant to the answer of the court to the question propounded to him by the jury, nor that any special instruction was requested. We see no error in the action of the trial court in this respect.

No reversible error appearing in the record, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion on the assumption that article 677, C. C. P., is mandatory, and that when the jury asks for additional instructions it is not necessary to object at the time to whatever action the court may take regarding the matter if his action is not satisfactory to appellant. It has been held many times that when the jury requests additional instructions that whatever is done must be in open court in the presence of appellant and his counsel. It must be assumed in the absence of any showing to the contrary that this procedure was followed in the present case.

The reply the court made to the jury we regard as equivalent to telling them it would not be proper to instruct them on the subject inquired about. Edwards v. State, 71 Texas Crim Rep., 417, 160 S. W., 709, 49 L. R. A. (N. S.), 563. No objection was interposed at the time to the action of the court regarding the inquiry from the jury. If appellant felt aggrieved at the court's action he should have reserved a bill of exception thereto, and brought the matter forward for review, reciting in the bill such facts as showed that the court should have given the instruction. In the absence of such showing me must assume that the trial court acted correctly in the matter. Especially is this true where appellant and his counsel were present and did not at the time advise the court that his action was deemed improper. In the absence of objection the court had every reason to believe his action was satisfactory to appellant. McClellan v. State, 118 Texas Crim. Rep., 473, 40 S. W. (2d) 87. In the case of Conn v. State, 11 Texas App., 390, which is relied on by appellant a very different state of affairs arose. The jury sent some sort of written communication to the court, the contents of which were never made known to accused or his counsel. The court verbally told the jury he could answer the question but did not think it proper, and then proceeded also verbally, to say other things to the jury which should not have been said. Objection was interposed at the time to the conduct of the trial court. The opinion says: "Defendant excepted to this secret, ex parte proceeding between the jury and the judge; and we think he had just cause to object to and protest against this very anomalous conduct."

We find no reason to conclude that our original opinion was wrong in the particulars discussed.

The motion for rehearing is overruled.

*Overruled.*

Morrow, P. J., absent.