**Sidney TAYLOR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44109.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

**694**

Craig A. Washington, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder; the punishment was assessed by the court at ten years.

The sufficiency of the evidence to show malice is challenged.

The record reflects that on November 28, 1969, the appellant shot and killed William Miles at the Casa Loma Lounge in Houston. Miles had previously engaged in a fight with Paul Reugio, who chased him away from the lounge with a stick. He (Miles) later returned and approached the table where the appellant was sitting and inquired of the whereabouts of Reugio. Words passed between the two, and then appellant pulled his pistol and searched Miles. At this time, Miles said to appellant: "Are you that mad at me? If you're going to shoot me, go on and shoot me." Appellant said: "Yes, sir, I shoot you; you call a fancy word and I shoot you." At this time appellant shot and Miles said: "Man, I didn't do nothing to you," and fell to the floor.[1] Appellant ran out the door.

Grace Metoyer testified that she was the owner and operator of the lounge. On the occasion in question she was called from the kitchen by a customer who said there was about to be trouble. As she entered the dining room she saw appellant with a gun in his hand. He "reached over with his gun in his hand, with one hand he knocked him on both sides," and then shot the deceased. She did not see a weapon on the deceased.

Appellant testified in his own behalf and claimed the right of self-defense. He stated the deceased was advancing toward him, pulling a butcher knife from his pants. Three defense witnesses testified to the same effect. The jury rejected the claim of self-defense. No weapon was found at the scene.

1. Miles died of gunshot wound through the chest and abdomen.

Malice can be inferred from the use of a deadly weapon. A pistol is a deadly weapon per se and the shooting of the deceased at close range with such weapon authorized a finding of malice. Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75. See also Ratcliffe v. State, Tex.Cr. App., 464 S.W.2d 664, and cases cited therein.

Next, appellant contends the trial court committed reversible error by overruling his motion for a new trial. The motion was based on the claim of newly discovered evidence.

At the hearing on the motion for a new trial, appellant introduced an affidavit of August Bradley. Bradley stated in the affidavit that the deceased was his roommate. On the date of the offense, the deceased returned to their apartment, secured a butcher knife, and departed, saying he was returning to the Casa Loma Lounge where he had been in a fight.

We hold that the trial court did not err in overruling the motion for new trial because the testimony of this witness pertaining to the deceased having a knife would have been merely cumulative. Three defense witnesses had already testified that they saw a knife in the possession of the deceased at the time he was shot.

The testimony of Bradley, who was not at the scene of the offense, would not be of such a character as would probably change the result if produced on another trial and, being merely cumulative, no error is shown. Montgomery v. State, Tex. Cr.App., 460 S.W.2d 419; Garcia v. State, Tex.Cr.App., 435 S.W.2d 533; Vasquez v. State, Tex.Cr.App., 371 S.W.2d 389.

Also, insufficient diligence to secure the witness was shown. The record reflects that appellant received information that Bradley would testify as to the existence of a butcher knife before a verdict was reached in the case. No motion was made to the court at the time and he cannot now complain. See Gephart v. State, 157 Tex. Cr.R. 414, 249 S.W.2d 612.

Finally, appellant contends that "the trial court committed reversible error in failing to instruct the jury that they could discuss the matters raised and thereupon refer them back to the definitions in the charge."

The record reflects that during the jury deliberations a request was made for certain testimony to be read back. Whereupon, the jury was placed in the jury box and the following is revealed:

"MR. MELTON (the Jury Foreman): May we discuss murder with malice aforethought and murder without malice aforethought?

"THE COURT: You have been instructed in the Court's charge as to what you must consider, the evidence that is before you and the law that is contained in the Court's charge. You must not discuss any other matters."

These proceedings were in open court and the court answered the question without objection of appellant.[2] The record further reflects that the court, in its main charge, had instructed the jury on the law of murder with malice aforethought and murder without malice, and had properly applied the law to the facts. By its answer, the court called attention of the jury to the charge which authorized them to consider both murder with malice and murder without malice. Appellant made no objection to the answer given by the court nor did he request any special instruction. No error is shown. Hancock v. State, 120 Tex.Cr.R. 162, 47 S.W.2d 299.

There being no reversible error, the judgment is affirmed.

2. A careful compliance with Art. 36.27 Vernon's Ann. C.C.P. would have required that the court's answer be in writing. See Walker v. State, 440 S.W. 2d 653; Allaben v. State, Tex.Cr.App., 418 S.W.2d 517.